UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================X
JOHN A. TERRANOVA, the Administrator of the     PLAINTIFF'S FIRST SET OF
Estate of NICHOLAS TERRANOVA,     INTERROGATORIES AND
    REQUEST FOR DOCUMENTS

                    Plaintiff,

    Docket No.

     -against-

NEW YORK STATE TROOPER RAPHAEL
TORRES, NEW YORK STATE TROOPER
AARON RILEY and NEW YORK STATE
TROOPER KEVIN QUINTERO,

                  Defendants.
=====================================X
SIRS:

    PLEASE TAKE NOTICE that the Plaintiff JOHN TERRANOVA by his attorneys, GRACE & GRACE, hereby requests the Defendants NEW YORK STATE TROOPER RAPHAEL TORRES, NEW YORK STATE TROOPER AARON RILEY and NEW YORK STATE TROOPER KEVIN QUINTERO to answer under oath the following interrogatories and request for documents separately and fully in writing, within thirty (30) days after the date of service of this notice. The answers hereto should include all information known up to the date of the verification thereof.

    PLEASE TAKE FURTHER NOTICE that each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. <u>Each answer shall first set forth verbatim the interrogatory to which it is responsive.</u> Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart may not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory

or subpart being answered.

These interrogatories shall be deemed continuing and you shall promptly supply by way of supplemental answers any and all additional responsive information that may become known prior to the trial of this action.

## INSTRUCTIONS

(a) Whenever in these interrogatories there is a request to identify a document, set forth:

1. its date and date of execution;

2. its author(s) and/or signatories;

3. its title, if any;

4. the type of document (e.g. letter, memorandum);

5. a general description of its substance;

6. its addressee(s) and all other persons receiving copies.

(b) Whenever in these interrogatories there is a request to identify an agreement or communication:

1. State whether it was written or oral, and, if written identify each document comprising such writing;

2. Identify the parties thereto, the place thereof and the date or dates thereof;

3. Identify the persons who (i) participated in the communication or (ii) supplied any information used in making the communication

4. State its substance.

(c) Whenever in these interrogatories there is a request to identify a person, set forth:

1. His or her name;

   2. His or her present or last known business address; if a business address is not known, present a last known address;

   3. His or her present employer and position; and

   4. If he or she is or was employed by you, each position held with you and the period of time during which such position was held.

   (d) Whenever in these interrogatories there is a request to identify an incident or occurrence;

   1. State the date and place thereof;

   2. Identify all persons and products involved and nature of their involvement;

   3. State the substance of all material communications pertaining thereto;

   4. Identify all letters or agreements relating thereto; and

   5. State the result or disposition.

   (e) Whenever in these interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may:

   1. Identify the document(s) from which the answer may be derived or ascertained; and

   2. Produce the document(s) for inspection and copying or deliver a copy of the document to Plaintiff's counsel at the time the answers thereto are filed, but nothing herein shall constitute a waiver of the interrogator's right to call for the production of documents not so identified, produced or delivered.

   (f) "Define" when used with reference to a phrase or term means: (i) state the meaning of the phrase or term; and (ii) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term.

   (g) If you refuse to identify and/or withhold any document requested herein on the ground of

privilege, set forth an identification of each such document, specifying its author, and addressee(s), the persons to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege. As to any claim by you that information required to be set forth in answer to any of the following interrogatories or as may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation or consent order providing adequate protection.

(h) Whenever in the interrogatories the information requested is not readily available in the form requested, but is, or can more easily be made available, in a different form, you may make the information available in such different form provided that the information is readily intelligible from the form made available to you.

## DEFINITIONS

The following definitions shall apply herein except where otherwise indicated by words or context:

(a) "Plaintiff" means JOHN TERRANOVA and/or JOHN TERRANOVA'S decedent as may be appropriate.

(b) Defendant means NEW YORK STATE TROOPER RAPHAEL TORRES, NEW YORK STATE TROOPER AARON RILEY and NEW YORK STATE TROOPER KEVIN QUINTERO collectively and/or individually and their agents, employees, representatives and each person acting or purporting to act on their behalf."

(c) "You" and "your" relates to the Plaintiff or the Defendant, as the context requires.

(d) "Person" or "individual" shall mean any person, individual, partnership, firm, association, corporation business, government or legal entity

(e) (i) "Document" or documents" means all written, printed, typed or other graphic matter, all mechanical and electronic recordings or transcripts thereof, now or at any time in your possession, custody, or control, or known to you, whether or not prepared by you.

(ii) "Document" or "documents" includes, but is not limited to, all agreements, memoranda, reports, notes, diaries, calendars, telephone bills, internal communications, telegrams, letters, data, books, manuals, directives, bulletins, accounts, travel and expense accounts and reports, vouchers, invoices, bills, ledgers, financial statements, income tax returns, forecasts appraisals, surveys, calculations, statistical statements, charts, graphs, drawings, work sheets, minutes and summaries of meetings, conversations or communications of any type, including telephone conversations.

(iii) "Document" or "documents" also includes all copies which are not identical with the original.

(f) "To date" means the date on which responses to these interrogatories and Request for Documents are served on the Plaintiff.

(g) "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specifications all responses which might otherwise be construed to be outside its scope.

## INTERROGATORIES

1. Provide Trooper Raphael Torres's personnel file including therewith:

    a-date of entry into the State Police training academy;

    b-complete record of tour of duties;

    c-official training and continuing training transcripts;

    d-any and all citations

e-any and all disciplinary actions taken against Trooper Torres.

f-any and all internal investigations for conduct within the course of his duties as a New York State Trooper;

g-all other personnel records;

h-Civilian Complaint Review Board files pertaining to Trooper Raphael Torres.

2.  Provide Trooper Riley's personnel file including therewith:

a-date of entry into the State Police training academy;

b-complete record of tour of duties;

c-official training and continuing training transcripts;

d-any and all citations;

e-any and all disciplinary actions taken against Trooper Riley;

f-any and all internal investigations for conduct within the course of his duties as a New York State Trooper;

g-all other personnel records.

h-Civilian Complaint Review Board files pertaining to Trooper Riley.

3.  Provide Trooper Quintero's personnel file including therewith:

a-date of entry into the State Police training academy;

b-complete record of tour of duties;

c-official training and continuing training transcripts;

d-any and all citations;

e-any and all disciplinary actions taken against Trooper Quintero;

f-any and all internal investigations for conduct within the course of his duties as a New

York State Trooper;

      g-all other personnel records;

      h-Civilian Complaint Review Board files pertaining to Trooper Quintero.

4. Provide all training manuals, protocols and course materials, internal memoranda provided to any of the named defendants regarding the conduct of vehicle and traffic stops for the following:

      a-speeding;

      b-hot pursuits;

      c-high speed highway vehicle and traffic stops.

5. Provide all training manuals, protocols, course materials, internal memoranda provided to any of the named defendants regarding the erection of road blocks.

6. Provide all New York State Police Department protocols, policy and procedure manuals and/or guidelines regarding vehicle and traffic stops for the following:

      a-routine vehicle and traffic stops;

      b-highway vehicle and traffic stops;

      c-high speed highway vehicle and traffic stops;

      d-night time high speed highway vehicle and traffic stops;

      e-vehicle and traffic stops by use of road blocks;

      f-vehicle and traffic stops on high speed highways by use of road blocks;

7. Set forth the New York State Police Department procedures for the investigation of a fatality as a result of police instituted action;

8. Set forth te New York State Police Department procedures for the investigation of a fatal motor vehicle accident;

9. Set forth, if different, New York State Police Department procedures for the investigation of a fatal motor vehicle accident involving police action;

10. Set forth all reports, including logbook notes, investigation notes, preliminary notes made, used and/or prepared in the course of investigation of the incident complained of herein;

a-as to all notes, identify by whom the note was made, date, time and place note was made, and to whom note was published;

11. Provide all photographs or videotapes made in the course of investigation of the incidet complained of herein. Identify by whom the photographs/videos were taken, when said photographs/videos were taken, provide all correspondence by and between the photographer/video personnel and ay investigative officer, including all order forms and/or requests for same.

12. Provide transcripts of all conversations by and between the defendant officers both before and leading up to the decision to erect the road block in issue, during the erection of the road block, through the time of the alleged incident and following the alleged incident;

a-provide reproduction of said recorded conversations in addition to the transcripts. Identify all those persons on said electronically recorded material;

13. Provide all statements whether oral, taped, recorded or written of the defendant troopers given in regard to the incident and all events leading up to the incident or in the course of any investigation of the incident;

a-identify when said statement was given, the purpose of said statement, the procedure, if any, under which such statement was given and to whom said statement was given or published;

14. Set forth any official action or recommended action taken or proposed as a result of

this incident by the New York State Police Department in regard to the named defendant troopers;

    a-state the date said action was taken or proposed;

    b-state by whom said action was taken or proposed;

15. Set forth all investigative reports of the incident in issue;

    a-state by whom said report was made;

    b-provide all notes, data, memoranda that provided a basis or foundation for said report;

    c-state the procedure pursuant to which said report was made;

    d-state to whom said report was published or made available;

    e-set forth any preliminary drafts of said report.

16. State whether the incident was sent for review to the District Attorney's office for possible criminal prosecution.

    a-state who was the target of any such review;

    b-state by whom a decision was made to send the matter for review b the District Attorney's office;

    c-If not sent for review by the District Attorney's office, set forth those persons, if any, who had discretion not to recommend review by the District Attorney's office.

17. Identify all New York State Police Department personnel who investigated or participated in the investigation or the collection of evidence in further of the investigation of this incident.

    a-for each person so identified, set forth their official title;

    b-provide each person identified's investigative reports.

Dated: Yorktown Heights, NY
       October 27, 2005

Yours, etc.

GRACE & GRACE

_____
Michael J. Grace, Esq.
Attorneys for Plaintiff
360 Underhill Avenue
Yorktown Hts., NY 10598
(914) 962-6100