UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

JOHN TERRANOVA as the Administrator of the
Estate of NICHOLAS TERRANOVA, et al.,

                                      Plaintiffs,

     -against-                                                  04 Civ. 2129 (CLB)(GAY)

STATE OF NEW YORK, et al.,

                                      Defendants.

-------------------------------------------------------------------------x

## **MEMORANDUM DECISION AND ORDER**

    Presently before the Court is a motion for costs in the form of attorney's fees associated with plaintiffs efforts to compel discovery in this action. Plaintiffs previously moved this Court to strike the answers of the defendants as sanctions for failure to comply with discovery demands and orders in this action. The consolidated actions herein have resulted in numerous discovery disputes and pretrial conferences regarding the defendants failure to provide discovery to the plaintiffs. Counsel for defendants candidly acknowledged that her failure to comply in a timely matter with the discovery ordered by this Court resulted in lengthy delays in plaintiffs' litigation of the case. (Affidavit in Opposition dated Sept. 15, 2006). For example, plaintiffs understandably needed to review the ordered discovery prior to scheduling depositions of the defendants. A partial history of the pretrial conferences and letters concerning defendants failure to comply with discovery orders is set forth below.

The Honorable Charles L. Brieant, U.S. District Judge, had initially set a discovery completion date of May 31, 2006. The undersigned extended the discovery completion date to June 30, 2006. The Court was advised by defendants' counsel at a pretrial conference that discovery would be fully responded to or objections to same made by July 5, 2006. However, by letter dated July 17, 2006, plaintiffs advised the Court that no further discovery had been provided and requested leave to file a motion to strike defendants' answers. Counsel for defendants again requested the Court to extend the discovery completion date to August 8, 2006, advising that personal matters had prevented her from timely responding. This Court entered an endorsed Order on July 27, 2006 granting defendants' application to provide all outstanding discovery materials and responses by August 8, 2006. The Court further directed that there would be no further extensions of said August 8th date and that plaintiffs could make an appropriate motion if the materials were not provided.

Predictably, defendants did not provide the outstanding discovery responses by the August 8, 2006 date ordered by the Court. Plaintiffs filed a motion to strike the answers of the defendants dated August 16, 2006. Defendants responded as aforesaid. A pretrial conference was held on September 15, 2006. The Court, *inter alia*, gave plaintiffs leave to file a motion for costs associated with their efforts to compel discovery over the preceding three months. On or about October 30, 2006, plaintiffs filed the motion for costs in the nature of attorneys' fees connected with their efforts to compel discovery.

Fed.R.Civ.P. 37(a)(4) "require[s] the party ... whose conduct necessitated [a motion to compel discovery] ... to pay to the moving party the reasonable expenses incurred in

2

making the motion, including attorney's fees." Thus, the defendants are responsible for the attorney's fees plaintiffs incurred in bringing the discovery related motions and the motions for sanctions. John B. Hull, Inc.v. Waterbury Petroleum Prod., Inc., 845 F.2d 1172, 1177 (2d Cir. 1988). Counsel for plaintiffs has affirmed that he has spent 22.5 hours attempting to obtain proper discovery from defendants. Although counsel states that his billing rate is $350.00 per hour, he does provide any background as to his experience to justify said rate.

Upon a careful review of the hours claimed, the Court concludes that a total of twelve (12) hours would be reasonable numbers of hours to compensate plaintiffs for said discovery related efforts during the time period set forth in the September 15, 2006 Order. The Court further finds that an hourly rate of $275.00 would be reasonable given the fact that no background of counsel was provided. Accordingly, it is hereby

**ORDERED**, that defendants shall pay the amount of $3,300.00 to counsel for the plaintiffs pursuant to Fed.R.Civ.P. 37(a)(4).

Dated: December 28, 2006
White Plains, New York

_____
GEORGE A. YANTHIS, U.S.M.J.

3